```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY

SPENCER SAVINGS BANK, S.L.A.,    .
                                 .
        Plaintiff,               .
                                 . Case No. 14-cv-04633
vs.                              .
                                 . Newark, New Jersey
BANK OF AMERICA CORPORATION,     . February 3, 2017
et al.,                          .
                                 .
        Defendants.              .
```

                 TRANSCRIPT OF RECORDED OPINION
              BY THE HONORABLE CATHY L. WALDOR
                UNITED STATES MAGISTRATE JUDGE

This oral opinion has been reviewed and revised in accordance
with L. Civ. R. 52.1

APPEARANCES:

For the Plaintiff:     No one was present

For the Defendants:    No one was present

Audio Operator:

Transcription Service:     KING TRANSCRIPTION SERVICES
                           3 South Corporate Drive, Suite 203
                           Riverdale, NJ  07457
                           (973) 237-6080

Proceedings recorded by electronic sound recording; transcript
produced by transcription service.

1          (Commencement of proceedings)

2

3          THE COURT:  It is 2:44, February 3, 2017.  This

4   opinion concerns a motion to amend by plaintiff Spencer

5   Savings Bank against Bank of America, Docket Number 14-4633.

6   The motion to amend is to add a fifth count, a claim for

7   fraudulent misrepresentation and concealment regarding the

8   supervision and management of service -- loan servicing.

9          Rule 16 of the Federal Rules of Civil Procedure

10  authorizes the Court to enter schedules of proceedings.

11  Rule 16's purpose is to empower the Court to expedite the

12  disposition of the action; to establish early and continuing

13  control so the case will not be protracted due to lack of

14  management; to discourage wasteful pretrial activities; to

15  improve the quality of the trial through more preparation;

16  and to facilitate settlement.

17          Fed. R. Civ. P. 16(a), the pretrial scheduling

18  order permits a court to take judicial control over a case

19  and to schedule dates for completion by the parties of

20  principal pretrial steps.  That is Harrison Beverage v.

21  Dribeck Imports, 133 F.R.D. 463 at 469 (D.N.J. 1990) (quoting

22  the Federal Rules of Civil Procedure, 16 Advisory Committee

23  Note from the 1983 Amendment).  See also Newton v. A.C. & S.

24  Inc., 918 F.2d 1121 at 1126 (3d Cir. 1990) (stating that the

25  purpose of Rule 16 is to provide for judicial control over

1   cases, streamline the proceedings, maximize the efficiency of

2   the court system, and actively manage time table of case

3   preparation to expedite speedy and efficient disposition of

4   cases.  Importantly, the scheduling orders must, among other

5   things, limit the time to join other parties, amend

6   pleadings, complete discovery and file motions.  That is

7   Fed. R. Civ. P. 16(b)(3)(A) requiring the Court to include a

8   deadline for amending pleadings, and the pretrial scheduling

9   order "assures that at some point, the pleadings will be

10  fixed."  Fed. R. Civ. P. 16(b) Advisory Committee Note

11  (1983)).  See also Harrison, 133 F.R.D. at 469.  ("The

12  careful scheme of reasonable framing and enforcement of

13  scheduling orders for case management would thus be nullified

14  if a party could inject amended pleadings upon a showing of

15  less than good cause after the scheduling deadlines have

16  expired.")

17          Whether good cause exists under Rule 16 "depends on

18  the diligence of the moving party."  Globespanvirata Inc. v.

19  Texas Instruments, Inc., Civil No. 03-2854, 2005 WL 1638136

20  *3 (D.N.J. July 12, 2005) (quoting Rent-a-Center, Inc. v. 47

21  Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003)).

22          "Good cause may be satisfied if the movant shows

23  that the delay in filing the motion to amend stemmed from any

24  mistake, excusable neglect, or any other factor which might

25  understandably account for the failure of counsel to

1  undertake to comply with the scheduling order."  Phillips v.

2  Greben, Civil No. 04-5590, 2006 WL 3069475 *6 (D.N.J.

3  October 27, 2006) (citing Newton v. Dana Corp. Parish Div.,

4  Civil No. 94-4958, 1995 WL 368172 *1 (E.D. Pa. 1995) ("The

5  absence of prejudice to the nonmoving party does not

6  constitute good cause."  Harbor Laundry Sales Inc. v.

7  Mayflower Textile Service, Civil No. 09-6259, 2011 WL 6303258

8  *3 (D.N.J. December 16, 2011) (citing Globespanvirata, 2005

9  WL 1638136 *3)).

10        Put succinctly, "absent diligence, there is no good

11 cause."  Chancellor v. Pottsgrove School District, 501

12 F. Supp. 2d 695 at 702 (E.D. Pa. 2007).  See also

13 Fed. R. Civ. P. 16(b) Advisory Committee Note, 1983 Amendment

14 ("The Court may modify the schedule on a showing of good

15 cause if it cannot reasonably be met, despite the diligence

16 of the party seeking the extension.  In determining whether

17 good cause exists for an untimely motion to amend pleadings,

18 courts typically examine whether the movant possessed or

19 through the exercise of reasonable diligence should have

20 possessed the knowledge necessary to file the amended motion

21 before the deadline had expired.")  See Stallings ex rel.

22 Estate of Stallings v. IBM, CIV No. 08-3121, 2009 WL 2905471

23 *2 (D.N.J. September 8, 2009) (denying a plaintiff's motion

24 to amend because they had "sufficient information to state

25 the proposed claims well in advance of the scheduling order

1   deadline").  See also Kennedy v. City of Newark,

2   CIV No. 10-1405, 2011 WL 2669601 *2 (D.N.J. July 7, 2011)

3   ("The most common basis for finding a lack of good cause is

4   the party's knowledge of the potential claim before the

5   deadline to amend has passed").

6          If a movant did have the knowledge necessary to

7   file a motion prior to the expiration of the Court's deadline

8   and if the movant can provide no satisfactory explanation for

9   the delay, the Court has the discretion to deny the motion.

10  See Dimensional Commercial Inc. v. Oz Optics Ltd. at 148

11  F.App'x 82 at 85 (3d Cir. 2005) (upholding the trial court's

12  finding that the movant could not satisfy "good cause because

13  it was in possession of facts underlying its proposed

14  counterclaim well before the amendment deadline.")  See also

15  Harrison, 133 F.R.D. at 469 (movant failed to satisfactorily

16  explain delay in filing the motion to amend).

17         In this case, in February of 2009, the pretrial

18  scheduling order was entered.  The "add and amend" date was

19  May 8, 2015.  That is Docket Entry Number 28.

20         In November 24, 2015, Docket Entry Number 55, there

21  was a consent order for scheduling submitted.  It was entered

22  on the docket 11/30/15.  The extension on fact end and expert

23  reports were part of that consent order.  There was no other

24  date for add parties or amend pleadings.

25         The final sentence of that consent order was:  "All

1    other provisions of the Court's February 9, 2015, pretrial

2    scheduling order shall remain in full force and effect unless

3    otherwise amended by the Court."

4              So the "add and amend" date in this case has long

5    passed.   It remains May 8, 2015.

6              On June 14, 2016, on a telephone conference,

7    although inadvertently omitted from the docket, there was

8    again a request for extensions of dates.   Fact end was

9    extended to August 31.

10             On August 25, 2016, Docket Entry Number 70 and 71,

11   a request to extend deadlines for 90 days was filed.   The

12   Court granted a 60-day extension on the papers with no

13   request to extend the "add parties, amend pleadings" date.

14             On September 29, 2016, Docket 74 and 80, and again

15   on October 1, 2016, pursuant to a request by the parties,

16   fact end was extended to December 2, 2016, and a briefing

17   schedule was set for this motion.

18             The date for add parties and amend pleadings has

19   long passed.   The plaintiff has not shown good cause pursuant

20   to Rule 16(b).   The motion to amend will be denied as

21   untimely.

22             (Conclusion of proceedings)

23

24

25

1                          Certification

2        I, SARA L. KERN, Transcriptionist, do hereby certify

3  that the 7 pages contained herein constitute a full, true,

4  and accurate transcript from the official electronic

5  recording of the proceedings had in the above-entitled

6  matter; that research was performed on the spelling of proper

7  names and utilizing the information provided, but that in

8  many cases the spellings were educated guesses; that the

9  transcript was prepared by me or under my direction and was

10 done to the best of my skill and ability.

11       I further certify that I am in no way related to any of

12 the parties hereto nor am I in any way interested in the

13 outcome hereof.

14

15

16

17

18  S/ *Sara L. Kern*                    8th of February, 2017

19  _____    _____
    Signature of Approved Transcriber            Date

20

21

22  Sara L. Kern, CET**D-338
    King Transcription Services
23  3 South Corporate Drive, Suite 203
    Riverdale, NJ  07457
24  (973) 237-6080

25