UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**CATHY L. WALDOR**
UNITED STATES MAGISTRATE JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
ROOM 4040
NEWARK, NJ 07101
973-776-7862

## LETTER ORDER

Re:     Spencer Savings Bank v. Bank of America Corporation et al
        Civil Action No. 2:14-cv-4633-KSH-CLW

Dear Counsel:

This matter comes before the Court on Defendants, Countrywide Financial Corporation, Countrywide Home Loans, Inc. ("CHL"), and Bank of America's ("BANA") request to compel Plaintiff, Spencer Savings Bank, S.L.A. ("Spencer") to allow questioning of Spencer's expert, Vincent Massa, and to produce documents improperly withheld based on privilege. (Brief, ECF No. 128, at 1.)  The Court declined to hear oral argument pursuant to Rule 78 and for the reasons set forth below, the Court denies in part and grants in part, Defendants' request to compel.

Vincent Massa served as Spencer's outside general counsel and foreclosure attorney for 26 years. (Brief, at 1.)  At issue in this case is a Mortgage Loan Purchase and Servicing Agreement entered into between Spencer and CHL in 2005. (Brief, at 2.)  The Agreement sets forth terms for Spencer to purchase mortgage loans from CHL.  Spencer also hired CHL (and later BANA) to service the loans for a fee.  CHL was charged with collecting loan payments, foreclosing on properties, and realizing upon defaulted loans. (Brief, at 2-3.)  Spencer believes Defendants breached their duties under the Agreement and attempted to terminate the agreement in June of 2012.  In 2014 Spencer demanded Defendants repurchase the delinquent loans and reimburse Spencer for all damages resulting from a breach of the Agreement. (Brief, at 3.)

Plaintiff argues that even if Mr. Massa's appointment as an expert witness results in a waiver of the privilege it "does not entitle[] Defendants to engage in a wholesale fishing expedition to obtain every document" Mr. Masa may have reviewed or generated for Spencer. (Opp. Brief, ECF No. 131, at 1.)  Spencer believes production of documents is limited to "issues on which the expert/attorney is presenting an opinion." (Opp. Brief, at 1-2.)  Mr. Massa is being used as an expert on the **legal standards in New Jersey regarding mortgage foreclosure and bankruptcy proceedings of mortgagors**. (*Id*.)  The Report and Rebuttal pertain to those areas "as well as certain details about the loans at issue in" the case. (*Id*.)  Specifically, Plaintiff makes the point that Mr. Massa is one of several experts for Plaintiff and that "he has not been designated as Spencer's expert on loan servicing or damages." (Opp. Brief, at 4.)  Spencer recognizes that Defendants agree on the point that only information on the same subject matter as Mr. Massa's Reports should be discoverable.  The disagreement turns on what is considered "on the same subject matter." (Opp. Brief, at 21.)

Rule 26(b)(1), allows a party to obtain information concerning "any matter, not privileged, which is relevant to the subject matter involved in the pending action." *Sanofi-Aventis v. Sandoz, Inc.*, 272 F.R.D. 391, 393 (D.N.J. 2011); *See also Bracco Diagnostics Inc. v. Amersham Health Inc.*, No. 03-6025, 2005 WL 6714281, at *1 (D.N.J. Nov. 7, 2005). Pursuant to Rule 26(b) a Court may limit discovery where "the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(b)(1). A party must demonstrate that the discovery request is "relevant to any party's claim or defense and proportional to the needs of the case." *Id*. The specific issue raised by the parties is the extent to which Mr. Masa waived his attorney-client and work product protections because he also has served as general counsel for Spencer.

Defendants are correct in stating that "the expert disclosure requirement of Rule 26(a)(2)(B) trump the protections otherwise afforded under the attorney-client privilege and work product doctrines." (Reply, ECF No. 132, at 3.) It is well settled law that "neither the attorney-client privilege nor the work product doctrine protect from disclosure materials considered." *Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc. v. Alcoa S.S. Co.*, No. 04-4309, 2006 WL 212376, at *1 (S.D.N.Y. Jan. 26, 2006).

The complication in this matter is that Mr. Masa "acted as counsel . . . long before he was selected as an expert witness in this case [and] [i]n that capacity, he reviewed documents . . . without anticipating that they might someday be relevant to his expert opinion." *Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 2006 WL 212376, at *2. Courts have recognized that "for purposes of deciding what information an expert has "considered" under Rule 26(a)(2)(B), no bright line can be drawn at the time of the expert's retention. It is unlikely that an expert can cast from his mind knowledge relevant to the issue on which he is asked to opine merely because he learned it prior to receiving his assignment." *Id*.

Under these circumstances courts have limited disclosure to documents that "relate to the subject matter of" the report. *Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc.*, 2006 WL 212376, at *2. However "any ambiguity as to the role played by the expert when reviewing or generating documents should be resolved in favor of the party seeking discovery." *B.C.F. Oil Ref., Inc. v. Consol. Edison Co. of New York*, 171 F.R.D. 57, 62 (S.D.N.Y. 1997). Part of the rational being that a party can avoid this outcome "by choosing an expert with whom it had no prior relationship and then being circumspect in choosing what documents to provide for the expert's review." *Id*. The Court looks to *Dyson Tech. Ltd. v. Maytag Corp.*, 241 F.R.D. 247, 251 (D. Del. 2007), where the expert, an employee of the company, "possesse[d] general information regarding his ordinary job duties, as well as the specialized knowledge contained in his expert report . . . [and] the court [found] that it would be burdensome and unjust to order the production of information and documents not considered . . . in connection with his expert report."

Defendants Reply Brief (ECF No. 132), suggests that Spencer "reevaluate its privilege claims in light of any rulings" by the Court in response to the motion. The Court hereby directs both parties to do so with respect to the various positions the parties have taken. The Court finds as follows:

- As agreed to, Defendants will continue to depose Mr. Masa. The parties will meet and confer on the appropriate allotment of time, given the remaining issues to be addressed. Massa shall answer all questions where he has knowledge and the subject matter

    pertains to something mentioned in his expert report.  Any objections to privilege can be preserved through the usual channels and addressed with the Court on a case by case basis.  The Court cautions the parties to be specific and tailored when raising objections—assertions that a question may lead to information that may reveal privileged information will not be permitted.  (*See* Opp. Brief, at 26.)  To the extent Mr. Masa does not have knowledge or an opinion about a specific topic he shall indicate as much in the same fashion that any other witness being deposed would do so.  The parties shall confirm the date for the deposition with the Court in order for Judge Waldor to be available by telephone to resolve any disputes that may arise.

- Defendants' requests for documents related to Mr. Somers and deposition questions related to Mr. Somers must be tailored to specifically address Mr. Masa's report and findings he made therein (*See* Opp. Brief, at 28, 29.)  This includes any discussions or documents with respect to Mr. Somers damage analysis—including Request 22, 23, 25.

- However, Mr. Masa has made reference in his Report to "how Defendants have benefitted financially from their alleged breaches," and "how certain conduct resulted in the diminution of the value of the mortgaged property and significant cost to Spencer."  (Reply, at 8.)  To the extent document requests or depositions questions inquire into Mr. Masa's basis for these assertions that will fall within the subject matter of the Report according to case law.

- Spencer has given adequate justification for the missing fields on the privilege and redaction logs.  (Opp. Brief, at 29.)  Defendants shall point to specific documents they believe relate to something Mr. Masa stated on opinion about or that he reviewed or used when writing his reports.  The Court will consider any relevant documents "in camera" to determine both relevancy and privilege.

- Defendants shall revise Document Request 17, 26, and 39, narrowly tailoring the request to issue(s) Mr. Masa opined on and documents he may have "reviewed, reflected upon, read and/or used" when formulating that opinion.  (Opp. Brief, at 24.)

    Any further submissions by the parties with respect to these issues should very specifically cite to the reports of Mr. Masa and clearly articulate the link or lack thereof between the question/document request and particular opinions articulated in the report.

**SO ORDERED**

Dated:    **September 27, 2018**

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**